**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**HECTOR RIVAS,**

             **Petitioner,**               9:01-cv-1891
                                                         (GLS/DEP)

        **v.**

**BRIAN FISCHER,** Superintendent,
Sing Sing Correctional Facility,

             **Respondent.**
_____

**APPEARANCES:**                       **OF COUNSEL:**

**FOR THE PETITIONER:**
Zimmer Law Office PLLC            KIMBERLY M. ZIMMER, ESQ.
333 East Onondaga Street
Monroe Building, Suite 301
Syracuse, NY 13202

**FOR THE RESPONDENT:**
HON. ANDREW CUOMO            LEA L. LA FERLITA
New York Attorney General          PRISCILLA I. STEWARD
120 Broadway                           Assistant Attorneys General
New York, NY 10271

**Gary L. Sharpe
District Court Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

On December 12, 2001, petitioner Hector Rivas filed a petition for a

writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his New York State conviction for second-degree murder. (*See* Dkt. No. 1.) On January 28, 2005, without reaching the merits of Rivas's habeas claims, this court dismissed his petition as time-barred under the Anti-Terrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2244(d)(1)(D). (*See* Dkt. No. 21.) On December 11, 2008, that dismissal was reversed on appeal, and the matter was remanded. *See Rivas v. Fischer*, 294 Fed. Appx. 677 (2d Cir. 2008) (unpublished). On remand, the court was instructed to conduct an evidentiary hearing to assess whether, through the exercise of due diligence, Rivas could have discovered the factual predicates for his claims before May 8, 1999, in which case his petition would be untimely.[1] *See id.* at 678-79. The court was also instructed to consider whether, in the event of a finding of untimeliness, Rivas had nonetheless established a claim of actual innocence sufficient to salvage

---

[1] AEDPA establishes a one-year limitations period for state prisoners seeking to file petitions for habeas corpus. 28 U.S.C. §2244(d)(1). "[W]here a prisoner's claim has its basis in newly discovered evidence and the prisoner's conviction became final prior to AEDPA's effective date of April 24, 1996, the relevant limitations period runs from the later of (1) April 24, 1997, or (2) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." *Rivas* at 678 (citing, *inter alia*, 28 U.S.C. 2244(d)(1)(D)) (internal quotation marks omitted). In this case, taking into account the relevant tolling periods, the Second Circuit concluded that "to be timely under [this standard], Rivas's claims must not have been discoverable 'through the exercise of due diligence' before May 8, 1999." *Id.*

2

his untimely petition.[2]  *See id.* at 679.

On September 21, 2009, upon referral from this court, Magistrate Judge David E. Peebles conducted the required evidentiary hearing. (*See* R&R at 25, Dkt. No. 65.) Following the hearing and submission of post-hearing briefs by the parties, Judge Peebles issued a Report and Recommendation (R&R) recommending that Rivas's claims be dismissed as untimely. (*See id.*) Pending are Rivas's objections to the R&R. (Dkt. No. 76.) Upon careful consideration of the arguments, the relevant parts of the record, and the applicable law, the court adopts the R&R in its entirety.

## II. Discussion[3]

Rivas seeks a writ of habeas corpus on the grounds that: (1) newly discovered evidence casts doubt upon the trial testimony of medical examiner Dr. Eric K. Mitchell, a key prosecution witness; (2) the prosecution failed to provide Rivas's counsel with *Brady*[4] material; and (3) his trial counsel was ineffective. (*See* Am. Pet., Dkt. No. 14:2.) In

---

[2] Untimeliness may be overcome where a petitioner has established a credible claim of actual innocence. *See House v. Bell*, 547 U.S. 518 (2006); *Doe v. Menefee*, 391 F.3d 147 (2d. Cir. 2004).

[3] The court incorporates the factual recitation contained in Judge Peebles's R&R. (*See generally* R&R, Dkt. No. 65.)

[4] *See Brady v. Maryland*, 373 U.S. 83 (1963).

3

recommending the dismissal of Rivas's petition as untimely under AEDPA, Judge Peebles found that Rivas had "failed to prove that the factual predicate for any of the grounds asserted in his amended petition could not have been discovered by him through due diligence before May 8, 1999," and that Rivas had also "failed to establish a claim of actual innocence." (*See* R&R at 48, Dkt. No. 65.)  In light of Rivas's objections to these findings, the court has reviewed the majority of the R&R de novo and the remainder for clear error.  *See Almonte v. N.Y. State Div. of Parole*, No. 9:04-cv-484, 2006 WL 149049, at *6-7 (N.D.N.Y. Jan. 18, 2006).

## A.     Factual Predicates

## 1.     Claim Based on Dr. Mitchell's Testimony

Rivas claims in his habeas petition that newly discovered evidence casts doubt upon the trial testimony of medical examiner Dr. Eric K. Mitchell.  The evidence that Rivas claims is "newly discovered" in this regard is (1) evidence that Dr. Mitchell was under investigation for professional misconduct; (2) evidence that Mitchell falsely testified to the existence of nonexistent "brain slides"; and (3) expert opinion evidence that Dr. Mitchell's testimony as to the victim's time of death was inaccurate and not based on generally accepted scientific principles.  (*See* Am. Pet. ¶

4

12(A), Dkt. No. 14:2; Am. Pet Mem. of Law at 5-10, Dkt. No. 14.2.)

In the R&R, Judge Peebles addressed each of these evidentiary bases and found that Rivas failed to prove that any constituted factual predicates undiscoverable prior to May 8, 1999. (*See* R&R at 30-35, Dkt. No. 65.) In response to these findings, Rivas offers a multitude of objections, many of which are less than clear. In the interest of efficiency, the court declines to address each of these objections individually and has instead reviewed all relevant portions of the R&R de novo. Upon that review, and for the reasons that follow, the court concurs with Judge Peebles and adopts his findings as to Rivas's claim regarding Dr. Mitchell's testimony.

The court first agrees with Judge Peebles's assessment that the investigation of Dr. Mitchell was "[not] newly discovered after May 8, 1999." (*Id.* at 30.) As Judge Peebles explained in the R&R, "[t]he publicity regarding the investigation belies any claim that Rivas and his counsel could not have learned of the investigation at or prior to the time of trial through the exercise of due diligence," and that "[e]fforts by Rivas'[s] attorneys to obtain records associated with the investigation" demonstrate that they "were well aware in 1998 of the ... investigation." (*Id.* at 30-31.)

5

Thus, based on these findings, Judge Peebles concluded, and this court agrees, that Rivas "had the information necessary to advance [the] issue as a ground for seeking habeas relief long before May 8, 1999." (*Id.* at 31-32.)

The court likewise agrees that the nonexistence of "brain slides" was not "newly discovered." (*See* R&R at 35, Dkt. No. 65.) In addition to the fact that Rivas had received all available medical records relating to the victim's death and slides prepared by the medical examiner's office in March 1998—a package that did not include "brain slides"—Rivas stated in an April 23, 1998 letter to his attorney that "he truly wasn't surprised to learn that the [medical examiner's office] didn't have any brain slides." (*See id.* (internal quotation marks and citation omitted).) Based on these and similar findings, as well as the relevant portions of the record, the court concurs with Judge Peebles that "[Rivas] was plainly aware that no such slides existed well prior to May of 1999," and was therefore aware of the factual predicate underlying his claim of false testimony based on the slides. (*Id.*)

Finally, Judge Peebles was also correct in finding the expert opinion evidence as to Dr. Mitchell's time-of-death estimate was insufficient to

constitute new evidence. As Judge Peebles explained in the R&R, the opinion evidence offered "cannot properly be regarded as new evidence" because it simply "derives from [the] review of Dr. Mitchell's trial testimony, as well as of the same materials relied upon by Dr. Mitchell in arriving at his conclusions regarding the victim's time of death." (*Id.* at 32-33 (citing *Serrano v. Walsh*, No. 04CIV8615, 2005 WL 3340578, at *10 (S.D.N.Y. Dec. 9, 2005) ("Newly discovered evidence is, by definition, incapable of discovery through due diligence before or during trial. Evidence in existence at an earlier date, though perhaps unknown to a petitioner, cannot later be described as newly discovered.") (internal quotation marks and citation omitted).) And, as Judge Peebles further noted, "even if [the] opinions are based in part on information developed after trial, [the expert] had available to him, as did the petitioner, all of the materials leading to the formulation of his opinions well prior to May 8, 1999." (*Id.* at 33.) Consequently, Judge Peebles properly concluded that "neither [the] opinions nor the basis for those opinions represents a factual predicate for a habeas claim which could not have been discovered prior to May of 1999 through the exercise of due diligence." (*Id.* at 36.)

    Accordingly, the court adopts the portion of the R&R finding that

7

Rivas's claims based on Dr. Mitchell's testimony are untimely.

## 2.     *Brady* Claims

Another ground asserted in Rivas's habeas petition is that the prosecution failed to provide Rivas's counsel with *Brady* material.  (*See* Am. Pet. ¶ 12(B), Dkt. No. 14:2.)  In this regard, Rivas objects to Judge Peebles's conclusion that Rivas failed to satisfy his burden of establishing the existence of "new evidence" of a *Brady* violation.  Having reviewed the R&R and the record de novo, the court finds no error with this conclusion.

In the context of Rivas's state motion to vacate his conviction, the state court found that Rivas had failed to prove by a preponderance of the evidence that *Brady* materials had been withheld.  (*See* 440.10 Hearing at 135-41, Dkt. No. 56.3.)  Under 28 U.S.C. § 2254(d), this determination is a factual finding presumed to be correct unless rebutted by Rivas by clear and convincing evidence.  *See also Rivas*, 294 Fed. Appx. at 679 (noting that § 2254(d) requires a federal habeas court to defer to state court findings of fact unless the record as a whole does not support that determination).  Since Rivas has not offered evidence sufficient to rebut

this presumption,[5] he has failed to demonstrate that the prosecution withheld the *Brady* materials that form the basis of his federal habeas claims. Thus, because Rivas has failed to demonstrate the existence of a *Brady* violation, it was not improper for Judge Peebles to conclude that Rivas had also failed to meet "[his] burden to establish the existence of new evidence to support his [*Brady*] claims." (*See* R&R at 39-40, Dkt. No. 65.) Accordingly, the court adopts the portion of the R&R finding that Rivas's *Brady* claims are untimely.

### 3. Ineffective Assistance of Counsel

The third ground asserted in Rivas's habeas petition is that Rivas's trial counsel was ineffective. (*See* Am. Pet. ¶ 12(E), Dkt. No. 14:2.) In his objections, Rivas claims that Judge Peebles "ignore[d]" the claim, and that the factual predicates for the claim were not discoverable before his conviction became final. (*See* Objections at 18-20, Dkt. No. 66.) Rivas's objections are without merit.

While Judge Peebles did not specifically address the ineffective assistance ground in the R&R, he did conclude, after analyzing the entirety

---

[5] Judge Peebles found that the evidence offered by Rivas was "equivocal at best" as to whether the prosecution withheld *Brady* material, and was therefore "insufficient to satisfy his burden of proof" and demonstrate a *Brady* violation. (R&R at 38, Dkt. No. 65.)

9

of the "new evidence" offered, that Rivas "failed to prove that the factual predicate for *any* of the grounds asserted in the amended petition" could not have been timely discovered. (R&R at 48, Dkt. No. 65 (emphasis added).) Moreover, having reviewed Rivas's ineffective assistance claim, the court finds that Judge Peebles's failure to specifically address it was harmless. Specifically, Rivas has made no showing that this claim—which stems from errors allegedly occurring either before or during trial[6]—could not have been discovered through due diligence prior to May 1999, six years after his conviction. Accordingly, because Rivas has failed to prove that his ineffective assistance claim is based on "newly discovered" evidence, his objections are without merit and the claim is untimely.

## B. Actual Innocence

After concluding that Rivas's habeas petition was untimely, Judge Peebles, in line with the Second Circuit's directives, determined that Rivas had also not established a claim of actual innocence sufficient to salvage the petition. Rivas objects to this finding, arguing that Judge Peebles

---

[6] Rivas's ineffective assistance claim is based on his counsel's alleged failure to: (1) advise Rivas of his right to testify at trial; (2) obtain a *Sandoval* ruling from the court; (3) properly cross-examine a prosecution witness about his identification testimony relating to Rivas; and (4) indicate on the record that certain evidence which the prosecution claimed was recovered at Rivas's home was in fact recovered from the victim's home. (*See* Am. Pet. ¶ 12(E), Dkt. No. 14:2.)

10

improperly analyzed his claim. This objection is without merit.

As explained in the R&R, "a court may invoke its equitable powers and excuse a late-filed petition when a petitioner has established a credible claim of actual innocence." (R&R at 42, Dkt. No. 65.) Whether a petitioner has established such a claim is analyzed under the standard set forth in *Schulp v. Delo*, 513 U.S. 298 (1995). Under that standard, a petitioner must offer new, highly reliable evidence that, when viewed in light of the record as a whole, demonstrates that "'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *See House v. Bell*, 547 U.S. 518, 536-37 (2006) (quoting *Schulp*, 513 U.S. at 327); *Doe v. Menefee*, 391 F.3d 147, 161 (2d Cir. 2004), *cert. denied*, 546 U.S. 961 (2005). In reviewing the record as a whole, a habeas court "may make its own credibility determinations as to both the new evidence and the evidence already in the record that may be thrown into doubt by the new material." *Doe*, 391 F.3d at 162 (citation omitted). The *Schulp* standard is demanding and permits review only in "extraordinary cases." *See Schulp*, 513 U.S. at 324.

Here, after examining the potentially exculpatory evidence and concluding that it did not definitively establish innocence, Judge Peebles

11

properly considered it "against the backdrop of the evidence of ... guilt presented at trial." (*See* R&R at 44-46, Dkt. No. 65.) That evidentiary backdrop—which the Appellate Division characterized on appeal as "overwhelming"[7]—included evidence placing Rivas at the scene of the crime around the time of the murder, establishing an opportunity to commit the crime; evidence that Rivas was obsessed with the victim, establishing a motive to commit the crime; and evidence that soon after the victim's death, Rivas was overheard in public making incriminating statements of regret. (*Id.* at 45-46.) Given the strength of this evidence, Judge Peebles concluded, and this court agrees, that the "new evidence" offered "does not rise to a level sufficient to [conclude] that no reasonable juror could have found guilt beyond a reasonable doubt had [it] been considered." (*Id.* at 46.) Thus, upon de novo review, the court concurs with Judge Peebles' and adopts the portion of the R&R finding that Rivas has not established a credible claim of actual innocence.

## IV. <u>Conclusion</u>

In summary, after reviewing the remainder of the R&R for clear error, the court finds no error and adopts Judge Peebles's R&R in its entirety.

---

[7] *See People v. Rivas*, 214 A.D.2d 996, 996 (4th Dep't 1995).

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Magistrate Judge Peebles's January 8, 2010 Report and Recommendation (Dkt. No. 65) is adopted in all respects; and it is further

**ORDERED** that Rivas's petition for a writ of habeas corpus, as amended, (Dkt. No. 14) is **DISMISSED**; and it is further

**ORDERED** that a certificate of appealability is **GRANTED** as articulated in the Report and Recommendation (Dkt. No. 65); and it is further

**ORDERED** that the Clerk provide copies of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED**.

March 26, 2010
Albany, New York

_____
United States District Court Judge